UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO.: 23-63 |
| DENTRELL JOHNSON | SECTION: "G" |

### ORDER AND REASONS

Before the Court is Defendant Dentrell Johnson's ("Johnson") Motion to Dismiss Count Seven of the Superseding Indictment.[1] The government opposes the motion.[2] The Court held oral argument on December 19, 2024 at 10:00 AM. Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

#### A.   *Factual Background*[3]

In 2022, agents with the Drug Enforcement Administration (DEA) identified Johnson and others as part of a cocaine distribution organization. On February 22, 2023, the Court signed an order authorizing the intercept of communications from Johnson's telephone. On March 27, 2023, the Court authorized an extension of the order for intercepts of Johnson's phone.

Between April 3 and April 5, 2023, monitors listening to the communications on Johnson's phone intercepted communications between Johnson and a co-defendant in which they discussed

---

[1] Rec. Doc. 105.

[2] Rec. Doc. 111.

[3] The factual background is derived from the government's brief. It is included here because it is helpful for understanding the charges and the parties' arguments. At the hearing on the instant motion, Johnson did not dispute the accuracy of these statements. Ultimately, all fact issues will be resolved by the jury.

1

plans to commit an armed robbery against another individual. Based on the intercepted communications, agents and officers with the DEA conducted surveillance at Johnson's apartment located at 301 Lakeshore Boulevard, Apartment 2216, Slidell, Louisiana.

Agents began the surveillance of Johnson at his apartment on the morning of April 6, 2023, while continuing to monitor Johnson's phone communications. At approximately 9:33 a.m., monitoring agents intercepted a 52-minute phone call between Johnson and co-defendant Charles White in which White asked Johnson about obtaining a quantity of pills:

Johnson: "…do you know anybody be getting those blues son?"

White: "Blue as in thirties?"

Johnson: "Uh huh." (Affirmative)

…

White: "How many you got?"

Johnson: "How many you need?"

White: "It's my auntie. She needs them bitches…so you gotta give her deal."

…

Johnson: "Alright, that's a bet. So how many she gonna come and get?"

White: "How much you gonna let 'em go for? 15?"

Johnson: "Fucking right. For her."

After the phone call, at approximately 10:57 a.m., agents observed Johnson exit his apartment carrying a garbage bag to the dumpsters on the side of his apartment building. Agents approached Johnson, identified themselves as law enforcement, and informed Johnson they were detaining him pursuant to an investigation. Johnson immediately stepped behind the fenced

dumpster while reaching toward his waistband. Agents grabbed Johnson and walked him toward their vehicle. Johnson pulled away from the agents and reached toward his waistband while yelling toward his apartment to alert persons inside the apartment of law enforcement's presence.

Agents advised Johnson of their intent to arrest him on drug charges. While searching Johnson incident to his arrest, agents found in Johnson's back pocket a bag containing approximately 1.5 grams of cocaine base ("crack"), 7 grams of marijuana, and 33 full and 3 half-pills containing fentanyl. During the search agents also recovered a loaded Glock Model 23, .40 caliber pistol, which fell down Johnson's right pants leg to his ankle area.

Agents then obtained a search warrant for Johnson's apartment. Inside the apartment agents located and seized a bag of marijuana and an unknown powder.

### B.     *Procedural Background*

On April 14, 2023, a federal grand jury in the Eastern District of Louisiana indicted Johnson, charging him with violations of the Federal Controlled Substances Act and the Federal Gun Control Act.[4] On June 22, 2023, a federal grand jury in the Eastern District of Louisiana indicted Johnson and three co-defendants in a Superseding Indictment, charging them with violations of the Federal Controlled Substances Act and the Federal Gun Control Act.[5] Relevant to the instant motion, in Count Six, Johnson is charged with possession with intent to distribute

---

[4] Rec. Doc. 17.

[5] Rec. Doc. 32.

controlled substances on the date of his arrest, April 6, 2023.[6] In Count Seven, Johnson is charged with possession of a firearm in furtherance of the drug trafficking crime charged in Count Six.[7]

On July 8, 2024, Johnson filed the instant Motion to Dismiss Count Seven of the Superseding Indictment.[8] On August 6, 2024, the government filed an opposition to the motion.[9] On January 19, 2024, Robinson filed a reply brief in further support of the motion to dismiss.[10] The Court held oral argument on the motion on December 19, 2024 at 10:00 AM.

## II. Parties' Arguments

### A.   *Johnson's Arguments in Support of the Motion*

Johnson argues that Count Seven should be dismissed because his possession of the firearm was not related to or in furtherance of the drug-trafficking, but rather for personal protection while outside of his own home.[11] Johnson asserts the possession of the firearm must further the drug trafficking crime and mere possession of the firearm does not meet the requirement of being used in furtherance of an offense.[12] Johnson contends his possession of a firearm was not in furtherance of a drug trafficking crime as he was not in possession of the firearm to protect any contraband or associated profits, but rather to protect his own person at a time when he may be vulnerable in a

---

[6] *Id.* at 5.

[7] *Id.*

[8] Rec. Doc. 105.

[9] Rec. Doc. 111.

[10] Rec. Doc. 65.

[11] Rec. Doc. 105-1 at 1.

[12] *Id.* at 2.

4

neighborhood recently known for criminal activity.[13] Johnson points out that the agents observed the weapon, located on his person, while he was emptying his trash into a dumpster.[14] Johnson asserts his behavior does not reflect any advancement of a drug trafficking crime.[15] Additionally, Johnson argues his actions of emptying the trash prevented easy access to the firearm.[16] Finally Johnson asserts the low quantity of drugs on his person indicates that he was not engaging in drug trafficking at the time of his arrest.[17] Therefore, Johnson argues that Count Seven should be dismissed.[18]

### B.     *The Government's Arguments in Opposition to the Motion*

In opposition, the government argues that the motion must be denied, as it is based on disputed facts and not law.[19] The government points out that Johnson does not question the sufficiency of the indictment on its face, and he does not even dispute that he possessed the firearm and the drugs simultaneously.[20] Johnson's argument that he possessed the firearm to protect himself in a high crime neighborhood is contrary to the government's argument that Johnson possessed the gun along with a distributable amount of fentanyl pills after having just agreed to

---

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.* at 6.

[19] Rec. Doc. 111 at 3.

[20] *Id.* at 5.

5

sell said pills to a relative of his co-defendant.[21] According to the government, these arguments are reserved for a jury in their role as fact-finders.[22]

### III. Applicable Law

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." "The propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper."[23] "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[24]

### IV. Analysis

Johnson argues that Count Seven should be dismissed because his possession of the firearm was not related to or in furtherance of the drug-trafficking, but rather for personal protection while outside of his own home.[25] Johnson is charged in Count Seven with possession of a firearm in furtherance of the drug trafficking crime alleged in Count Six, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). To obtain a conviction on Count Seven, the government must prove: (1) Johnson possessed the firearm, and (2) his possession was in furtherance of the drug

---

[21] *Id.* at 5.

[22] *Id.*

[23] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).

[24] *Id.*

[25] Rec. Doc. 105-1 at 1.

trafficking offense.[26] The Fifth Circuit instructs courts to consider the following non-exclusive factors in determining whether possession is "in furtherance" of a drug trafficking crime: (1) the type of drug activity conducted; (2) the accessibility of the firearm; (3) the type of firearm; (4) whether the firearm is stolen; (5) the legality of the possession; (6) whether the gun is loaded; (7) the proximity of the weapon to the drugs; and (8) the time and circumstances under which the firearm is found.[27] "The mere presence of a firearm is insufficient."[28]

"In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[29] The Superseding Indictment alleges both elements of the offense: (1) Johnson possessed the firearm, and (2) his possession "further[ed]" the drug trafficking offense.[30] In the instant motion, Johnson does not dispute that he possessed the firearm and drugs simultaneously. He argues that the firearm was possessed for protection. The government argues that Johnson possessed the firearm in furtherance of his possession of the fentanyl, shortly after the wiretap phone call where he agreed to sell the fentanyl to his co-defendant. This is a factual dispute that cannot be resolved by the Court on a motion to dismiss, and instead must be resolved by a jury. "The court may not dismiss an indictment based on the sufficiency of evidence supporting the allegations in the indictment."[31] Therefore, the Court denies the motion.

---

[26] *United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018).

[27] *Id.*

[28] *Id.*

[29] *Fontenot*, 665 F.3d at 644.

[30] *Suarez*, 879 F.3d at 632.

[31] *United States v. Dantin*, No. CR 15-197, 2018 WL 6435890, at *2 (E.D. La. Dec. 7, 2018).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dentrell Johnson's Motion to Dismiss Count Seven of the Superseding Indictment[32] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 20th day of December, 2024.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[32] Rec. Doc. 105.